## KERR & CO. v. COCHRAN.

1. In action by a partnership on a promissory note, the answer specifically denied the plaintiffs' allegation of partnership. *Held,* that the answer thereby raised an issue triable by jury.
2. This case distinguished from *Insurance Company* v. *Turner,* 8 S. C., 107 ; *Steamship Company* v. *Rodgers,* 21 *Id.,* 27 ; and *Palmetto Lumber Company* v. *Risley,* 25 *Id.,* 309. The point decided in those cases stated.

Before NORTON, J., Abbeville, February, 1888.

This was an action by Robert Kerr, J. P. Kerr, and W. C. Price, partners as Kerr & Co., plaintiffs, against John D. Cochran, defendant. The complaint was as follows :

The complaint of the above named plaintiffs respectfully shows :

I. That they are partners under the firm name of Kerr & Co.

II. That the defendant, J. D. Cochran, on the 7th February, 1887, made and executed his certain promissory note in writing, and thereby promised to pay on or before November 1, 1887, Kerr & Co., one hundred and nine dollars and seventy-five cents, with interest from date.

III. That no part of said note has been paid, and there is now due and owing thereupon by defendant to plaintiffs the sum of one hundred and fifteen dollars and thirty-eight cents, with interest at 7 per cent. from November 1, 1887.

IV. That plaintiffs are the legal owners and holders of said note.

Wherefore the plaintiffs demand judgment for the said principal sum, interest, and costs.

To this complaint defendant answered as follows :

The defendant in the above entitled action, answering the com-

plaint therein, denies that he has any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs I. and IV. thereof.

Wherefore the defendant demands judgment that the complaint be dismissed with costs against the plaintiffs.

Other matters are stated in the opinion of this court.

*Messrs. Perrin & Cothran*, for appellants.

*Mr. D. H. Magill*, contra.

June 26, 1888. The opinion of the court was delivered by

MR. JUSTICE MCIVER. This was an action on a promissory note alleged to have been executed by the defendant and made payable to Kerr & Co. In the first paragraph of the complaint the allegation is that the plaintiffs are partners under the name and style of Kerr & Co. The second allegation is as to the execution of the note and date and amount thereof. The third paragraph contains an allegation that no part of said note has been paid, and states the amount due thereon. And in the fourth paragraph the allegation is that the plaintiffs are the legal owners and holders of the note. The answer of defendant denies the allegations contained in the first and fourth paragraphs of the complaint. The plaintiffs, upon due notice, submitted a motion to the Circuit Court to strike out the answer "as sham, irrelevant, and frivolous." The motion was refused upon the ground that the answer presents an issue which is triable by a jury, and the plaintiffs appealed upon the ground that the Circuit Judge erred in holding that the answer presented such an issue.

The only question, therefore, presented by the appeal is, whether the answer in this case does present an issue triable by a jury. This question, it seems to us, is conclusively determined by the decision of this court in the case of *Bischoff & Co.* v. *Blease*, 20 S. C., 460. In that case the action was on promissory notes alleged to have been executed by the defendant and made payable to the plaintiffs, Henry Bischoff & Co. In the title of the case the names of three persons as plaintiffs were set out as trading under the name and style of Henry Bischoff &

Co., but in the body of the complaint there was no allegation that these three persons were partners, and upon demurrer this omission was held fatal; for, as said by the Chief Justice in that case: "It is only through the partnership that they have any standing in court; hence the existence of the partnership, and that the plaintiffs are members thereof, are material and essential facts to the plaintiffs' cause of action and must be alleged and proved. Otherwise, no cause of action is stated." If, therefore, the existence of the partnership, and the fact that plaintiffs are the persons constituting the same, are facts necessary to be alleged and proved, it follows necessarily that where these allegations are, as in this case, specifically denied, an issue of fact is presented which, in an action like this, for the recovery of money only, is triable by a jury.

The appellants cite and rely upon the cases of *Insurance Company* v. *Turner* (8 S. C., 107); *Steamship Company* v. *Rodgers* (21 *Id.*, 27); and *Palmetto Lumber Company* v. *Risley* (25 *Id.*, 309), for the purpose of showing that a denial of the existence of a corporation is simply a denial that the plaintiff has the legal capacity to sue, and presents no issue which requires the plaintiff to prove its corporate existence. An examination of those cases, however, will show that the point really decided therein is, that a *general* denial of each and every allegation of the complaint is not sufficient to raise an issue as to the legal capacity of the plaintiff to sue; but for that purpose there must be a *specific* denial of the allegation that the plaintiff has been invested with such capacity—for instance, that the plaintiff has been duly chartered as a corporation. As is said in *Insurance Company* v. *Turner, supra*, and approved in *Steamship Company* v. *Rodgers, supra*, the code requires certain defences, for example, that the plaintiff has not legal capacity to sue, shall be set forth either by demurrer or answer, according as the defect may or may not appear on the face of the complaint, and declares that, unless so set forth, they shall be regarded as waived: "The clear intention of these sections is that the defendant shall give, by his demurrer or answer, specific notice that he intends to rely on one or more of these specific defences, if he wishes to make them available. A general denial of all the facts alleged in the com-

plaint is not a compliance with these requirements of the code. The object of these provisions is to relieve the plaintiff from the necessity of preparing to meet such objections on the trial, unless notified by the pleadings that the defendant intends to rely on one or more of them."

So that even if the denial of the allegation of partnership could be regarded as simply a denial of the plaintiffs' legal capacity to sue, like the denial of a plaintiff's corporate existence, which is far from clear, yet the cases relied on would not be sufficient to sustain appellants' position; for here there was a *specific* denial of the partnership, whereby plaintiffs were notified that they would be required on the trial to prove their partnership, and the defendant does not rely upon a mere general denial of the allegations of the complaint.

The judgment of this court is, that the order appealed from be affirmed.